**Edward L. CLINE, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, As Designee of Elizabeth Dole, Secretary of Labor, Respondent.**

**No. 90–1159.**

United States Court of Appeals, Eighth Circuit.

Submitted April 30, 1992.

Decided Aug. 10, 1992.

I. John Rossi, Des Moines, Iowa, argued, for petitioner.

Paul L. Frieden, Washington, D.C., argued (Robert P. Davis, Donald S. Shire, Michael J. Denney and Richard Zorn of Washington, D.C., on the brief), for respondent.

Before JOHN R. GIBSON, Circuit Judge, and ROSS and HENLEY, Senior Circuit Judges.

DONALD R. ROSS, Senior Circuit Judge.

On August 24, 1983, an administrative law judge (ALJ) denied Edward L. Cline's

---

(claimant's) application for black lung benefits, under the Black Lung Benefits Act, 30 U.S.C. §§ 901, *et seq.* The Benefits Review Board affirmed the ALJ's decision on November 30, 1989, and an appeal to this court followed.

On October 18, 1990, 917 F.2d 9 a panel of this court concluded that the Department of Labor had failed to meet its duty of providing the claimant with a complete and credible pulmonary examination as required by 30 U.S.C. § 923(b); 20 C.F.R. §§ 725.405(b) and 718.101. Based on this conclusion, the case was remanded to the Benefits Review Board for the purpose of allowing an administrative law judge to hold an evidentiary hearing to reconsider evidence relating to the etiology of claimant's pneumoconiosis and to consider "any other relevant medical evidence."

On April 29, 1992, the ALJ determined that there had been a mistake of fact as to the causation of the claimant's pneumoconiosis and respiratory disability. After considering additional medical evidence, the ALJ concluded that claimant is totally disabled from pneumoconiosis which arose out of his coal mine employment. The ALJ held that the claimant is entitled to benefits dating back to the month in which his claim was filed.

On June 12, 1992, this court issued an order to the Director of Workers' Compensation Programs, respondent herein, to show cause why the ruling of the ALJ should not be summarily affirmed. The Director responded that the order of the ALJ is supported by substantial evidence and should be summarily affirmed.

Accordingly, the April 29, 1992 Decision and Order of the ALJ concluding that the "Director is Ordered to provide for the payment of benefits to the Claimant, augmented by his qualifying dependents, effective from November 1, 1974 and to furnish him with medical care under the Act" is affirmed.